IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| MATTHEW PIETRAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-706–HEH |
| ) | |
| STAGEZERO LIFE SCIENCES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**
**(Granting Plaintiff's Motion to Lift Rule 62(a) Automatic Stay)**

THIS MATTER is before the Court on Plaintiff Matthew Pietras' ("Plaintiff") Motion to Lift Rule 62(a) Automatic Stay Following Default Judgment (the "Motion," ECF No. 14), filed on December 28, 2023. On December 8, 2023, the Clerk entered default against Defendant StageZero Life Science, Inc. ("Defendant"). (ECF No. 11.) On January 11, 2024, this Court granted Plaintiff's Motion for Default Judgment (ECF No. 12) and entered Default Judgment against Defendant in the amount of $113,088.51. (Order at 1, ECF No. 15.) Defendant failed to respond to the instant Motion.

Federal Rule of Civil Procedure 62(a) imposes an automatic thirty (30) day stay on the execution of enforcement of a default judgment order, unless the Court orders otherwise. FED. R. CIV. P. 62(a). One reason the Court may dissolve or supersede the automatic stay, is because of the "risk that the judgment debtor's assets will be dissipated." FED. R. CIV. P. 62(a) advisory committee's notes to 2018 amendment; *see*

*also Ellenoff Grossman & Schole LPP v. Tempus Applied Sols. Holdings, Inc.*, No. 4:20-cv-68, 2020 WL 4926144, at *3 (E.D. Va. Aug. 21, 2020).

Plaintiff argues that the automatic stay should be lifted because Defendant has known it owed Plaintiff $33,000.01 in unpaid salary and $6,346.16 in accrued but unused PTO[1] since May 27, 2022, but has failed to pay Plaintiff, despite repeatedly promising to do so. (Mot. at 2; Ex. A, ECF No. 13-1; Ex. B, ECF No. 13-2.) Plaintiff asserts this is a strong indication that Defendant's "financial condition has further deteriorated and that its assets may either be dissipated or that they will be used to pay other expenses." (*Id.* at 3 (citing Affidavit at 2–4, ECF No. 13-1).) Plaintiff is also concerned that Defendant may transfer assets to its parent company, StageZero Life Science, Ltd., which is located in Canada. (*Id.*) Additionally, Plaintiff notes that it is unlikely that dissolving the stay would prejudice Defendant or circumvent the purposes of Rule 62(a) because Defendant has not participated in this litigation. (*Id.*) The Court finds Plaintiff's arguments persuasive and believes there is a risk that Defendant's assets will be dissipated if the automatic stay is not dissolved.

Therefore, upon due consideration, and it appearing appropriate to do so, Plaintiff's Motion to Lift Rule 62(a) Automatic Stay Following Default Judgment (ECF

---

[1] Plaintiff was originally owed $33,000.01 in unpaid salary and $6,346.16 in accrued but unused PTO. (*See* Compl. ¶ 18, ECF No. 1; Ex. B at 1, ECF No. 13-2.) Defendant made two $825 payments to Plaintiff's 401k account, for a total of $1,650, in May of 2022. (*See* Compl. ¶ 18; Ex. B at 1.) Thus, deducting the 401k payments, Plaintiff is owed a $37,696.17 in unpaid salary and unused PTO. (*See* Compl. ¶¶ 18–19; Ex. B at 1.) Because the Court found that Defendant knowingly failed to pay wages in accordance with the Virginia Wage Payment Act ("VWPA"), Plaintiff is entitled to mandatory treble damages under the VWPA. (Order at 1–2 n.1, ECF No. 15.) Thus, Plaintiff is owed a total of $113,088.51.

No. 14) is GRANTED. Accordingly, the Court ORDERS that the thirty (30) day automatic stay is hereby dissolved, and Plaintiff may proceed immediately with enforcement of the Judgment.

The Clerk is DIRECTED to send a copy of this Memorandum Order to all counsel of record and to Defendant at the address listed on the Summons (ECF No. 9).

This case is CLOSED.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: January 12, 2024
Richmond, Virginia